UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>AFISSETOU ABOULAYE,<br><br>                  Defendant. | No. 1:26-cv-01035-AT<br>Hon. Analisa Torres |
| AFISSETOU TCHEDRE, a/k/a AFISSETOU ABOULAYE,<br><br>             Counterclaim-Plaintiff and Third-Party Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>             Counterclaim-Defendant,<br><br>   and<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>             Third-Party Defendants. | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT, AND THIRD-PARTY COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff United States of America seeks to obtain a judgment for an exorbitant fine in the amount of $1,368,258, plus applicable interest and penalties, on Defendant and Counterclaimant Afissetou Tchedre, a/k/a Afissetou Aboulaye,[1] a noncitizen married to a U.S. citizen on active military duty and mother of four minor U.S. citizen children, without any individualized determination of wrongdoing or proportionality. With interest and penalties, the total sought by Plaintiff ballooned to $1,859,186 by March 19, 2026 and continues to grow each day. However, the underlying fine imposed by Third-Party Defendants U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") is baseless, and this action is without merit.

Contrary to Plaintiff's allegations, Ms. Tchedre did not willfully fail or refuse to depart the United States pursuant to a final order of removal; rather, she has been diligently pursuing lawful immigration status. Ms. Tchedre came to the United States in 2011 and applied for asylum. While her request for immigration relief was pending, she started a family with her now-husband. They had children together in 2015, 2016, 2018, and 2021; all four children are U.S. citizens. The Board of Immigration Appeals affirmed the denial of Ms. Tchedre's asylum claim on July 21, 2021. Shortly thereafter, Ms. Tchedre married her husband, who then filed a Form I-130 Petition for Alien Relative on her behalf. Now that the Form I-130 has been approved, she is actively seeking to reopen her immigration court removal proceedings so that she can adjust her status to lawful permanent residence (colloquially known as having a "green card") pursuant to that petition.

Rather than assess the appropriateness of a penalty in these circumstances, Plaintiff and

---

[1] Defendant's legal name is Afissetou Tchedre.

Third-Party Defendants recklessly issued an unwarranted Notice of Intention to Fine ("NIF") to Ms. Tchedre, imposed the fine following an administrative process designed to achieve a predetermined outcome, and now seek to collect an immense sum as part of their campaign to intimidate noncitizens to "elect to depart from the United States." *Establishing Project Homecoming*, 90 Fed. Reg. 20357, 20357 (May 9, 2025).

Plaintiff's claim for recovery of $1,368,258, plus interest and penalties, must be denied, and its lawsuit dismissed, as the decision to impose this fine is arbitrary and capricious, contrary to law, and violates Ms. Tchedre's rights under the Fifth and Eighth Amendments of the Constitution.

Pursuant to Federal Rule of Civil Procedure 13, Ms. Tchedre asserts counterclaims against the United States of America and claims against Third-Party Defendants DHS and ICE charging violations of the Administrative Procedure Act, the Due Process Clause of the U.S. Constitution, and the Excessive Fines Clause of the U.S. Constitution. Ms. Tchedre also asserts that the seizure of her joint federal tax refund was an illegal exaction. The Court should hold unlawful, vacate, and set aside the fine assessed against Ms. Tchedre; enjoin the United States, DHS, and ICE from fining Ms. Tchedre under 8 U.S.C. § 1324d(a) or otherwise taking any adverse action based on her failure to pay that fine; and order DHS to return Ms. Tchedre's seized joint federal tax refund.

Ms. Tchedre, by and through her undersigned counsel, The Legal Aid Society and Public Justice, answers the Complaint of Plaintiff United States of America ("Plaintiff") and states as follows:

## INTRODUCTION

1.      Ms. Tchedre lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 1 of the Complaint but denies that she willfully failed or refused

to depart the United States pursuant to a final order of removal.

## JURISDICTION AND VENUE

2.      Ms. Tchedre avers that the allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Ms. Tchedre denies that Plaintiff is entitled to such relief.

3.      Ms. Tchedre admits that her last reported address is in the Bronx, New York, but avers that the remaining allegations set forth in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required.

## PARTIES

4.      Ms. Tchedre lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 4 of the Complaint.

5.      Ms. Tchedre denies the allegations set forth in Paragraph 5 of the Complaint.

## LEGAL BASIS FOR THE PENALTY

6.      Ms. Tchedre avers that the allegations set forth in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Ms. Tchedre denies that there is a valid legal basis for the civil penalty.

7.      Ms. Tchedre avers that the allegations set forth in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Ms. Tchedre denies that there is a valid legal basis for the civil penalty.

## FACTUAL ALLEGATIONS

8.      Ms. Tchedre admits that she is a native and citizen of Togo but denies the remainder of the allegations set forth in Paragraph 8 of the Complaint.

9.      Ms. Tchedre admits the allegations set forth in Paragraph 9 of the Complaint.

10.    Ms. Tchedre admits the allegations set forth in Paragraph 10 of the Complaint.

11.    Ms. Tchedre lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 11 of the Complaint but denies that she willfully failed or refused to depart from the United States pursuant to a final order of removal.

12.    Ms. Tchedre lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 12 of the Complaint but denies that she received the NIF.

13.    Ms. Tchedre lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 13 of the Complaint but denies that she received a Final Order imposing a civil penalty of $1,368,258 and denies that she is liable for the civil penalty.

14.    Ms. Tchedre admits that an invoice demanding payment was hand-delivered to her on July 26, 2025, but lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 14 of the Complaint and denies that she received a past due notice or a second invoice demanding payment by mail.

15.    Ms. Tchedre denies that no payment has been made, as Plaintiff seized her and her U.S. citizen husband's joint federal tax refund, but admits that she still resides in the United States to pursue lawful immigrant status.

16.    Ms. Tchedre denies the allegations set forth in Paragraph 16 of the Complaint.

**STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES**

17.     Ms. Tchedre asserts the following affirmative and other defenses without assuming any burden of production or proof that she would not otherwise have:

**FIRST DEFENSE**

18.     The Complaint fails to state a claim upon which relief can be granted.

**FIRST AFFIRMATIVE DEFENSE**

19.     Ms. Tchedre has not willfully failed or refused to depart the United States pursuant to a final order of removal.

20.     Ms. Tchedre has resided in the U.S. since May 9, 2011.

21.     Ms. Tchedre is married to a U.S. citizen who has been on active military duty since 2019. They have been in a relationship since 2015 and were married on September 27, 2021. Together, they have four minor U.S. citizen children, who were born in 2015, 2016, 2018, and 2021.

22.     On March 8, 2019, an Immigration Judge ordered Ms. Tchedre's removal.

23.     On July 21, 2021, the Board of Immigration Appeals dismissed Ms. Tchedre's appeal of the March 8, 2019, order of removal.

24.     On October 20, 2021, U.S. Citizenship and Immigration Services ("USCIS") received the Form I-130 Petition for Alien Relative that Ms. Tchedre's husband filed on her behalf.

25.      On January 19, 2024, USCIS approved the Form I-130 Petition for Alien Relative.

26.     Ms. Tchedre has requested that ICE join her in a motion to reopen removal proceedings so that Ms. Tchedre may apply for lawful permanent residency based on the approved Form I-130 Petition.

27.     Ms. Tchedre is also pursuing an application for military parole-in-place as the

spouse of an active-duty servicemember.

28.   Ms. Tchedre's failure to depart the United States is not willful because she has remained in the United States to pursue lawful status and has complied with all directives from ICE and DHS to attend appointments.

29.   Because Ms. Tchedre has not willfully failed or refused to depart the United States, Plaintiff's claims must be dismissed with prejudice.

**SECOND AFFIRMATIVE DEFENSE**

30.   Plaintiff's allegation that "[n]o payment has been made" toward the $1,368,258 fine is false. *See* Complaint, ECF No. 1, at ¶ 15.

31.   On February 25, 2026, without prior notice or opportunity to dispute the exaction, the U.S. Department of Treasury applied Ms. Tchedre's $10,662 joint federal tax refund to Ms. Tchedre's alleged debt to DHS via the Treasury Offset Program.

32.   Plaintiff's claim for the full fine of $1,368,258 must be dismissed and/or offset by the amount of her seized joint federal tax refund.

**THIRD AFFIRMATIVE DEFENSE**

33.   Plaintiff is prohibited from depriving individuals of "life, liberty, or property, without due process of law." U.S. Const. amend. V.

34.   The process by which Plaintiff (through DHS and its component ICE) served the NIF and imposed the fine deprived Ms. Tchedre of due process of law under the Fifth Amendment of the U.S. Constitution.

35.   Ms. Tchedre did not receive the NIF, whether by personal service or by mail.

36.   Upon information and belief, Plaintiff's alleged service of the NIF on May 6, 2025, by mail failed to comply with 8 C.F.R. § 280.11, which requires personal service and which was

7

in effect when the NIF was issued.

37.    Service, if not completed by personal delivery, requires mailing by certified or registered mail, return receipt requested, or delivery by commercial delivery service. 8 C.F.R. §§ 103.8(a)(2)(iv), (a)(3).

38.    Upon information and belief, Plaintiff did not serve the NIF by certified or registered mail, return receipt requested, or by commercial delivery service. *See* Complaint, ECF No. 1, at ¶ 12 ("ICE mailed the NIF to Defendant's last known address on or around May 6, 2025.").

39.    Alternatively, if Plaintiff did serve the NIF by certified or registered mail, return receipt requested or commercial delivery service, it must have had actual knowledge that Ms. Tchedre did not receive the NIF, as the undelivered certified or registered mail or commercial delivery would have been returned. It was required to take additional reasonable steps to serve the NIF on Ms. Tchedre. *See, e.g.*, *Jones v. Flowers*, 547 U.S. 220, 225 (2006). Plaintiff did not take additional steps to serve the NIF on Ms. Tchedre.

40.    Because Ms. Tchedre did not receive the NIF, she was deprived of notice and the opportunity to timely contest the NIF, including by requesting an accounting and presenting mitigating evidence. *See* Complaint, ECF No. 1, at ¶ 11 (stating that the NIF contained Notice of Rights explaining Ms. Tchedre's right to contest the NIF).

41.    Because Ms. Tchedre had no notice and opportunity to contest the NIF through the administrative process in effect at the time, *see* 8 C.F.R. part 280, Plaintiff's claims must be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

42.    The Eighth Amendment provides: "Excessive bail shall not be required, nor

8

excessive fines imposed, nor cruel and unusual punishments inflicted." The Excessive Fines Clause, therefore, "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *United States v. Bajakajian*, 524 U.S. 321, 328 (1998). Ultimately, "[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality." *Id.* at 334.

43.     The fine Plaintiff seeks qualifies as a fine for purposes of the Excessive Fines Clause because it "serves, at least in part, to punish." *Austin v. United States*, 509 U.S. 602, 618 (1993).

44.     The fine of $1,368,258, plus interest and penalties, accrued to the date of judgment, as well as post-judgment interest, is grossly disproportionate to the gravity of the alleged violation of 8 U.S.C. § 1324d(a) and to Ms. Tchedre's circumstances.

45.     Because the fine violates Ms. Tchedre's constitutional rights under the Eighth Amendment of the U.S. Constitution, Plaintiff's claims must be dismissed.

46.     In addition to the foregoing defenses, Ms. Tchedre retains the right to amend her Answer to raise additional defenses as those defenses become known during this litigation.

## DEFENDANT'S COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim-Plaintiff Afissetou Tchedre, a/k/a Afissetou Aboulaye, asserts the following counterclaims against Counterclaim-Defendant United States of America, and claims against Third-Party Defendants U.S. Department of Homeland Security ("DHS"), Markwayne Mullin in his official capacity as Secretary of DHS, U.S. Immigration and Customs Enforcement ("ICE"), and Todd Lyons in his official capacity as Senior Official Performing the Duties of Director of ICE, and, by and through her counsel, alleges as follows:

### INTRODUCTION

1.      In this action, Ms. Tchedre seeks to have this Court hold unlawful, vacate, and set aside the fine of $1,368,258, plus any accrued interest and penalties, as violating the Administrative Procedure Act and Ms. Tchedre's constitutional rights under the Fifth and Eighth Amendments of the U.S. Constitution, and to enjoin the United States, DHS, and ICE from fining Ms. Tchedre under 8 U.S.C. § 1324d(a) or otherwise taking any adverse action based on her failure to pay such a fine.

2.      Ms. Tchedre further seeks the return of the $10,662 seized by the U.S. Department of Treasury in partial payment of the unlawful fine.

3.      Ms. Tchedre further seeks reasonable attorneys' fees and costs under the Equal Access to Justice Act.

### JURISDICTION AND VENUE

4.      The Counterclaims and Third-Party Claims arise under the United States Constitution; the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*; and 26 U.S.C. § 6402(g) (authority to make credits or refunds).

10

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343 (action to redress deprivation of rights secured by the Constitution of the United States); and 28 U.S.C. § 1346(a)(1) (United States as defendant in suit for the recovery of penalty claimed to have been collected without authority or wrongfully collected under the internal-revenue laws).

## PARTIES

6. Counterclaim-Plaintiff Afissetou Tchedre, a/k/a Afissetou Aboulaye, is a resident of the Bronx, New York, who is actively pursuing lawful status based on her active military U.S. citizen husband's approved Form I-130 Petition for Alien Relative, of which she is the beneficiary.

7. Counterclaim-Defendant United States of America has sued Ms. Tchedre for $1,368,258, plus interest and penalties, for civil monetary penalties assessed under 8 U.S.C. § 1324d(a), and acts on behalf of its agencies DHS and ICE.

8. Third-Party Defendant ICE, a component agency of Third-Party Defendant DHS, issued the Notice of Intention to Fine ("NIF") demanding $1,368,258 in civil monetary penalties from Ms. Tchedre.

9. Third-Party Defendant Todd Lyons is the Senior Official Performing the Duties of the Director of Third-Party Defendant ICE. He is sued in his official capacity.

10. Third-Party Defendant DHS seized Ms. Tchedre's $10,662 joint federal tax refund through the U.S. Treasury Offset Program in partial payment of Ms. Tchedre's alleged debt.

11. Third-Party Defendant Markwayne Mullin is the Secretary of Third-Party Defendant DHS. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

12. Ms. Tchedre resides in the Bronx, New York with her spouse, a U.S. citizen on

11

active military duty, and their four minor U.S. citizen children. Ms. Tchedre has resided in the U.S. since May 9, 2011.

13.     Shortly after Ms. Tchedre's arrival in the United States, she applied for asylum.

14.     While Ms. Tchedre's request for immigration relief was pending, she started a family with her now-husband. They had children together in 2015, 2016, 2018, and 2021.

15.     On March 8, 2019, an Immigration Judge ordered Ms. Tchedre's removal.

16.     On July 21, 2021, the Board of Immigration Appeals dismissed Ms. Tchedre's appeal of the March 8, 2019, order of removal.

17.     In September 2021, Ms. Tchedre and her husband got married.

18.     On October 20, 2021, U.S. Citizenship and Immigration Services ("USCIS") received the Form I-130 Petition for Alien Relative that Ms. Tchedre's husband filed on Ms. Tchedre's behalf.

19.      On January 19, 2024, USCIS approved the Form I-130 Petition for Alien Relative.

20.     Ms. Tchedre has requested that Third-Party Defendant ICE join her in a motion to reopen removal proceedings so that Ms. Tchedre may apply for lawful permanent residency based on the approved Form I-130 Petition.

21.     Ms. Tchedre is also pursuing an application for military parole-in-place as the spouse of an active-duty servicemember.

22.     On July 26, 2025, Ms. Tchedre received an invoice from Third-Party Defendants DHS and ICE demanding payment of $1,368,258.

23.     Ms. Tchedre never received the NIF, Final Order imposing the civil penalty, past due notice, or the invoice allegedly mailed to her on July 28, 2025. *See* Complaint, ECF No. 1, at ¶¶ 12–14.

24.     Upon information and belief, Third-Party Defendants either failed to use the required methods to serve Ms. Tchedre with the NIF or had actual knowledge that she did not receive it. Third-Party Defendants would have received notice that certified or registered mail, return receipt requested, or a commercial delivery sent to Ms. Tchedre was not delivered.

25.     Ms. Tchedre is currently unable to work because she no longer has employment authorization; her family's sole source of income is her husband's salary from the U.S. Army, which is approximately $38,055 per year.

26.     The U.S. Department of Treasury served an administrative wage garnishment notice on Ms. Tchedre's employer in October 2025, but she ceased working before Third-Party Defendants could garnish her wages.

27.     On February 25, 2026, through the U.S. Treasury Offset Program, the Department of Treasury applied Ms. Tchedre's $10,662 joint federal tax refund to the debt she allegedly owed DHS.

28.     The seizure of Ms. Tchedre's $10,662 joint federal tax return has caused financial hardship for Ms. Tchedre and her family.

29.     On March 19, 2026, the Department of Treasury reported Ms. Tchedre's alleged debt in the amount of $1,859,186, inclusive of interest and penalties, to credit reporting agencies, causing a steep decline in Ms. Tchedre's credit score.

30.     The fine directly threatens Ms. Tchedre and her family's livelihood. The past and anticipated future seizures of Ms. Tchedre's tax refunds, wages, and other property by Counterclaim-Defendant and Third-Party Defendants, or private collection agencies acting on their behalf, have caused and will cause Ms. Tchedre irreparable harm.

## CAUSES OF ACTION

### COUNT I
### Agency Action Not in Accordance with Law
### (Against Counterclaim-Defendant and all Third-Party Defendants)

31.    Ms. Tchedre incorporates by reference the allegations set forth in Paragraphs 1–30 of her Counterclaims and Third-Party Complaint.

32.    The Administrative Procedure Act, 5 U.S.C. § 706(2)(B), provides that courts "shall . . . hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

33.    The imposition of a fine on Ms. Tchedre is contrary to the statutory language of 8 U.S.C. § 1324d(a), which imposes fines on individuals who have willfully failed or refused to depart the United States pursuant to a final order of removal.

34.    Ms. Tchedre has not willfully failed or refused to depart the United States pursuant to a final order of removal but has, instead, at all times relevant hereto, diligently pursued lawful status in the United States.

35.    The Court should hold unlawful, vacate, and set aside the fine as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(B).

36.    As a direct and proximate result of Counterclaim-Defendant and Third-Party Defendants' wrongful conduct, Ms. Tchedre has suffered and will continue to suffer substantial and irreparable harm. She requires injunctive relief to prevent continued and future irreparable injury.

### COUNT II
### Arbitrary and Capricious Agency Action
### (Against Counterclaim-Defendant and all Third-Party Defendants)

37.    Ms. Tchedre incorporates by reference the allegations set forth in Paragraphs 1–30

14

of her Counterclaims and Third-Party Complaint.

38.　　The Administrative Procedure Act, 5 U.S.C. § 706(2)(B), provides that courts "shall . . . hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

39.　　The fine is arbitrary and capricious because, among other things, it is not supported by reasoned decision-making, fails to consider the statutory factors for imposing a penalty under 8 U.S.C. § 1324d(a), and runs counter to the evidence before the agency of Ms. Tchedre's efforts to obtain lawful status.

40.　　The Court should hold unlawful, vacate, and set aside the fine as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(B).

41.　　As a direct and proximate result of Counterclaim-Defendant and Third-Party Defendants' wrongful conduct, Ms. Tchedre has suffered and will continue to suffer substantial and irreparable harm. She requires injunctive relief to prevent continued and future irreparable injury.

**COUNT III**
**Procedural Due Process**
**(Against Counterclaim-Defendant and all Third-Party Defendants)**

42.　　Ms. Tchedre incorporates by reference the allegations set forth in Paragraphs 1–30 of her Counterclaims and Third-Party Complaint.

43.　　The Administrative Procedure Act, 5 U.S.C. § 706(2)(B), provides that courts "shall . . . hold unlawful and set aside agency action" that is "contrary to constitutional right, power, privilege or immunity."

44.　　The United States is prohibited from depriving individuals of "life, liberty, or property, without due process of law." U.S. Const. amend. V.

15

45.     Third-Party Defendants' alleged service of the NIF and the process by which it imposed the fine deprived Ms. Tchedre of due process of law under the Fifth Amendment of the U.S. Constitution.

46.     Ms. Tchedre did not receive the NIF, whether by personal service or by mail.

47.     Upon information and belief, Third-Party Defendants' alleged service of the NIF on May 6, 2025, by mail failed to comply with 8 C.F.R. § 280.11, which requires personal service and which was in effect when the NIF was issued.

48.     Service, if not completed by personal delivery, requires mailing by certified or registered mail, return receipt requested, or delivery by commercial delivery service. 8 C.F.R. §§ 103.8(a)(2)(iv), (a)(3).

49.     Upon information and belief, Third-Party Defendants did not serve the NIF by certified or registered mail, return receipt requested, or by commercial delivery service. *See* Complaint, ECF No. 1, at ¶ 12 ("ICE mailed the NIF to [Ms. Tchedre's] last known address on or around May 6, 2025.").

50.     Alternatively, if Third-Party Defendants did serve the NIF by certified or registered mail, return receipt requested, they had actual knowledge that Ms. Tchedre did not receive the NIF, as the undelivered certified or registered mail would have been returned to them. They were required to take additional reasonable steps to serve the NIF on Ms. Tchedre, *See, e.g.*, *Jones v. Flowers*, 547 U.S. 220, 225 (2006). Third-Party Defendants did not take additional steps to serve the NIF on Ms. Tchedre.

51.     Counterclaim-Defendant and Third-Party Defendants provided Ms. Tchedre no opportunity to be heard on her fine. Because Ms. Tchedre did not receive the NIF, she was deprived of notice and the opportunity to timely contest the NIF, including by requesting an accounting and

presenting mitigating evidence. *See* Complaint, ECF No. 1, at ¶ 11 (stating that the NIF contained Notice of Rights explaining Ms. Tchedre's right to contest the NIF).

52.     The Court should hold unlawful, vacate, and set aside the fine as contrary to Ms. Tchedre's constitutional rights under the Fifth Amendment of the U.S. Constitution. 5 U.S.C. § 706(2)(B).

53.     As a direct and proximate result of Counterclaim-Defendant and Third-Party Defendants' wrongful conduct, Ms. Tchedre has suffered and will continue to suffer substantial and irreparable harm. She requires injunctive relief to prevent continued and future irreparable injury.

## COUNT IV
### Excessive Fines Clause
### (Against Counterclaim-Defendant and all Third-Party Defendants)

54.     Ms. Tchedre incorporates by reference the allegations set forth in Paragraphs 1–30 of her Counterclaims and Third-Party Complaint.

55.     The Administrative Procedure Act, 5 U.S.C. § 706(2)(B), provides that courts "shall . . . hold unlawful and set aside agency action" that is "contrary to constitutional right, power, privilege or immunity."

56.     The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Excessive Fines Clause, therefore, "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 328 (1998). Ultimately, "[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality." *Id.* at 334.

57.     The fine Counterclaim-Defendant seeks qualifies as a fine for purposes of the

17

Excessive Fines Clause because it "serves, at least in part, to punish." *Austin v. United States*, 509 U.S. 602, 618 (1993). At a minimum, penalties under 8 U.S.C. § 1324d(a) qualify as fines because they are designed to have a "deterrent effect." *Civil Monetary Penalty Adjustments for Inflation*, 90 Fed. Reg. 1, 1 (Jan. 2, 2025).

58.     The fine of $1,368,258, plus interest and penalties, accrued to the date of judgment, as well as post-judgment interest, is grossly disproportionate to the gravity of the alleged violation of 8 U.S.C. § 1324d(a) and to Ms. Tchedre's circumstances. Ms. Tchedre has neither committed a violation of the law punishable under 8 U.S.C. § 1324d(a) nor do her individual circumstances support the fine imposed.

59.     The Court should hold unlawful, vacate, and set aside the fine as contrary to Ms. Tchedre's constitutional rights under the Eighth Amendment of the U.S. Constitution. 5 U.S.C. § 706(2)(B).

60.     As a direct and proximate result of Counterclaim-Defendant and Third-Party Defendants' wrongful conduct, Ms. Tchedre has suffered and will continue to suffer substantial and irreparable harm. She requires injunctive relief to prevent continued and future irreparable injury.

### COUNT V
### Illegal Exaction
### (Against Third-Party Defendants DHS and Markwayne Mullin)

61.     Ms. Tchedre incorporates by reference the allegations set forth in Paragraphs 1–30 of her Counterclaims and Third-Party Complaint.

62.     On February 25, 2026, via the Treasury Offset Program, the U.S. Department of Treasury applied Ms. Tchedre's $10,662 joint federal tax refund to Ms. Tchedre's alleged debt to Third-Party Defendant DHS, based on her alleged violation of 8 U.S.C. § 1324d(a).

18

63.     Third-Party Defendant DHS misapplied the statute authorizing tax refund offsets, 31 U.S.C. § 3720A, to Ms. Tchedre.

64.     Ms. Tchedre does not owe a legally enforceable debt, 31 U.S.C. § 3720A, because she has not violated 8 U.S.C. § 1324d(a).

65.     The amounts seized, therefore, were not applied to a "legally enforceable" debt. *See* 31 U.S.C. § 3720A(a)–(c).

66.     Third-Party Defendants DHS and Markwayne Mullin wrongfully seized Ms. Tchedre's $10,662 federal tax refund.

67.     To remedy the unlawful tax refund offset, Third-Party Defendants DHS and Markwayne Mullin must return the $10,662 federal tax refund to Ms. Tchedre. *See Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (Fed. Cl. 2013).

### PRAYER FOR RELIEF

**WHEREFORE**, Ms. Tchedre respectfully requests that the Court:

(1) Deny each demand and prayer for relief contained in the Complaint;

(2) Dismiss the Complaint with prejudice;

(3) Hold unlawful, vacate, and set aside the fine of $1,368,258, plus any accrued interest and penalties;

(4) Enjoin Counterclaim-Defendant and Third-Party Defendants from fining Ms. Tchedre under 8 U.S.C. § 1324d(a), collecting fines pursuant to the Notice of Intention to Fine issued on April 22, 2025, or otherwise taking any adverse action based on her failure to pay that fine;

19

(5) Order that Third-Party Defendants DHS and Markwayne Mullin return the $10,662

joint federal tax refund seized by the U.S. Department of Treasury in partial payment

of Ms. Tchedre's alleged debt;

(6) Award Ms. Tchedre reasonable attorneys' fees and costs under the Equal Access to

Justice Act; and

(7) Grant such other and further relief as the Court deems just and proper.


Dated: May 6, 2026
New York, NY

Respectfully submitted,

S/ Madeleine Reichman
Madeleine Reichman
Hasan Shafiqullah
Evan Henley
The Legal Aid Society
49 Thomas Street, 5th Floor
New York, NY 10013
Tel.: (929) 638-0493
mreichman@legal-aid.org
hhshafiqullah@legal-aid.org
ewhenley@legal-aid.org

Mariam Elbakr*
Charles Moore
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
Tel.: (202) 861-5226
melbakr@publicjustice.net
cmoore@publicjustice.net

*Counsel for Afissetou Tchedre*

*Application for pro hac vice
admission pending

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2026, the foregoing document was electronically filed

with the Clerk of Court using the CM/ECF system.

Notice will be sent to all CM/ECF registrants in this action via the CM/ECF system.

Pursuant to Federal Rule of Civil Procedure 4(i), a copy of the foregoing will be sent via

USPS certified mail, once the Clerk of Court issues summonses, to:

Civil Process Clerk
U.S. Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

Todd Blanche
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Markwayne Mullin
U.S. Department of Homeland Security
2707 Martin Luther King Jr Ave SE
Washington, DC 20528-0525

Office of the General Counsel
U.S. Department of Homeland Security
254 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Todd Lyons
U.S. Immigration and Customers Enforcement
500 12th St., SW
Washington, DC 20536

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
500 12th Street, SW, Mailstop 5900
Washington, DC 20536

__/s/_____
Madeleine Reichman
